[681 NYS2d 176]

In the Matter of DENISE GARZILLI, Respondent, v RICHARD MILLS, as Commissioner of Education, Respondent, and BOARD OF EDUCATION, CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Appellants.

Third Department, December 3, 1998

**APPEARANCES OF COUNSEL**

*Jeffrey D. Friedlander, Acting Corporation Counsel* of New York City (*Ellen Ravitch, Stephen J. McGrath* and *William P. Farley* of counsel), for appellants.

*Featherstonhaugh, Conway, Wiley & Clyne, L. L. P.,* Albany (*Richard E. Casagrande* of counsel), for Denise Garzilli, respondent.

**OPINION OF THE COURT**

SPAIN, J.

Petitioner is a tenured teacher employed by Community School District No. 12 (hereinafter CSD 12) which is one of 32 community school districts within the jurisdiction of respondent Board of Education, City School District of the City of New York (hereinafter the City Board). Respondent Board of Education for CSD 12 (hereinafter the CSD 12 Board), like the other 31 community school boards, consists of nine elected

members and has the power and the duty to establish educational policies and objectives not inconsistent with those established by the City Board (*see*, Education Law § 2590-e).

In November 1997, respondent Superintendent of CSD 12 (hereinafter the Superintendent) found that probable cause existed and preferred disciplinary charges against petitioner pursuant to Education Law § 3020-a; the charges brought against petitioner included six specifications alleging excessive lateness and absences. Petitioner thereafter requested a hearing on the charges and further requested that respondent State Commissioner of Education (hereinafter the Commissioner) not proceed with the charges because the CSD 12 Board did not conduct a probable cause vote as required by Education Law § 3020-a. When the Commissioner informed petitioner that he would not intervene, she commenced this CPLR article 78 proceeding seeking to prohibit respondents from pursuing the charges; preliminary relief in the form of an injunction was initially granted pending a final determination on the merits. Supreme Court, in a well-reasoned decision, found that, under the relevant provisions of law existing at that time, the Superintendent did not have the authority to make determinations of probable cause and granted the petition.

Notably, in 1996, the year before the commencement of the disciplinary charges against petitioner, the Legislature made sweeping changes to the Education Law by enacting chapter 720 of the Laws of 1996 (hereinafter chapter 720), drastically altering the school governance system within the City of New York. Chapter 720 removed certain executive and administrative powers from the community school boards, transferring them to the community superintendents. Education Law § 2590-f (1) (c) (as amended by L 1996, ch 720, § 5) specifically granted community superintendents the authority "to appoint, define the duties of, assign, promote and discharge all employees". Significantly, however, this section did not address the issue of who or which body determines whether there is probable cause to support formal disciplinary charges brought pursuant to Education Law § 3020-a, which, *inter alia*, provides statutory due process for tenured teachers.

Education Law § 3020-a states, in pertinent part, as follows:

"1. Filing of charges. All charges against a person enjoying the benefits of tenure * * * shall be in writing and filed with the clerk or secretary of the school district or employing board during the period between the actual opening and closing of the school year for which the employed is normally required to serve. * * *

"2. (a) Disposition of charges. Upon receipt of the charges, the clerk or secretary of the school district or employing board shall immediately notify said board thereof. Within five days after receipt of charges, the employing board, in executive session, shall determine, by a vote of a majority of all the members of such board, whether probable cause exists to bring a disciplinary proceeding against an employee pursuant to this section."

Respondents did not dispute that prior to March 31, 1997, the effective date of chapter 720, the "employing board" was either the school board of each of the community districts or the City Board, and not the community superintendents; however, they contended that the chapter 720 changes removed all executive and administrative powers from the community school boards and that the community superintendents, as the replacements of the "employing boards", became the sole entities within the system to which the Legislature had granted the power to make probable cause determinations.

Supreme Court disagreed, finding that the CSD 12 Board remained "the employing board" in this case and, thus the only entity authorized to make determinations of probable cause. The court found that although the Legislature, in enacting chapter 720, amended numerous subdivisions of Education Law § 2590-j, it did not amend subdivision (7) of section 2590-j, which states, in relevant part, that:

"Each community board shall have authority and responsibility with regard to trials of charges against any members of the teaching or supervisory service staffs of the schools within its jurisdiction as follows:

"(a) No such employee who has served the full and appropriate probationary period prescribed by, or in accordance with law, shall be found guilty of any charges except after a hearing as provided by [Education Law § 3020-a]."

Supreme Court properly concluded that, as it was within the province of the Legislature to amend Education Law § 3020-a and/or section 2590-j, in the absence of such changes the community school boards continued to have "the sole power and duty to make determinations of probable cause" and that "[n]o such authority [was] granted to community superintendents"

under the 1996 amendments to the Education Law. Respondents then appealed.*

After respondents' appeal of Supreme Court's judgment was fully submitted and argued before this Court, the Governor signed into law chapter 385 of the Laws of 1998 (hereinafter chapter 385) on July 14, 1998. Of relevance here is section 3 of chapter 385 which amends Education Law § 2590-f, which is entitled "Powers and duties of community superintendents", by adding a new paragraph (s) to subdivision (1) stating as follows: "(s) notwithstanding any provisions of law to the contrary, to exercise all of the duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter pursuant to a delegation of the chancellor under section twenty-five hundred ninety-h of this article".

Section 5 of chapter 385 amends Education Law § 2590-h, which is entitled "Powers and duties of chancellor", by adding a new subdivision (38) which states as follows: "38. to exercise all of the duties and responsibilities of the employing board as set forth in section three thousand twenty-a of this chapter with respect to any member of the teaching or supervisory staff of schools under the jurisdiction of the community boards. The chancellor shall exercise all such duties and responsibilities for all community districts or may delegate the exercise of all such duties and the responsibilities to all of the community superintendents of the city district."

Further, section 6 of chapter 385 amends subdivision (7) of Education Law § 2590-j, which is entitled "Appointment and removal of persons in the teaching and supervisory service", in three relevant ways: first, it deletes the initial provisions that "Each community board shall have authority and responsibility with regard to trials of charges against any members of the teaching or supervisory service staffs of the schools within its jurisdiction as follows"; second, it amends paragraph (a) to read as follows: "(a) No member of the teaching or supervisory staff of schools who has served the full and appropriate probationary period prescribed by, or in accordance with law, shall be found guilty of any charges except after a hearing as provided by section three thousand twenty-a of this chapter;" and third, it amends paragraph (d) by removing the provision requiring that any charges against a tenured member of the teaching or supervisory staff of schools be filed with the com-

---

* The Commissioner, taking no position in the proceedings, has not appealed.

munity board. Finally, section 8 of chapter 385 provides as follows: "This act shall take effect immediately; provided, however, that sections three * * * five, [and] six * * * of this act shall be deemed to have been in full force and effect on and after December 31, 1996 for all purposes, including but not limited to any pending legal proceedings and actions." On August 18, 1998, in response to the new legislation, the Chancellor delegated in writing his duties and responsibilities as "employing board" to the superintendents of the community school districts and in that document he states that said delegation "shall be deemed to be in full force and effect on or after December 31, 1996". Both sides have now submitted supplemental briefs.

 Initially, we conclude that prohibition is the appropriate procedural remedy for the assertion of petitioner's claim (*see, Matter of Pirro v Angiolillo*, 89 NY2d 351, 355). Prohibition is available "to prevent * * * a body or officer * * * from proceeding or threatening to proceed without or in excess of its jurisdiction" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 51). Furthermore, petitioner had shown a clear right to the relief sought (*see, Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783) as the Superintendent at the time of her determination of probable cause did not have the authority to do so. Notably, chapter 385 is a clear acknowledgment of the infirmities in chapter 720 as found by Supreme Court.

 Moving next to the merits, while there is no question that the Legislature intended the relevant provisions of chapter 385 to be effective as of December 31, 1996 and that they apply to all cases currently pending, we nonetheless conclude that chapter 385 falls short of curing the jurisdictionally defective finding of probable cause made in this case. Clearly, at the time of her finding, the Superintendent did not have the authority to act as the employing board under the Education Law or by virtue of any delegation by the Chancellor, the City Board or the CSD 12 Board. Although the curative provisions of chapter 385 are retroactive, the new legislation does not give superintendents the authority they needed in November 1997 to initiate disciplinary charges against tenured teachers. Moreover, while chapter 385 could have retroactively authorized community superintendents to act in place of the "employing board", it gave such power instead to the Chancellor, with the authority to delegate such power to the community superintendents (*see,* L 1998, ch 385, § 5). Consequently, the enactment of

chapter 385, despite its retroactive effect, did not cure the Superintendent's lack of authority. It then became necessary for the Chancellor to, retroactive to December 31, 1996, delegate to all community superintendents "the authority to exercise all of the duties and responsibilities of the employing board as set forth in § 3020-a of the Education Law * * * including, but not limited to, determining whether probable cause exists to bring disciplinary proceedings against a tenured teacher".

We agree with Supreme Court's observation that "a proper determination of probable cause is an essential jurisdictional predicate to disciplinary charges" and analogous to the proper designation of a Hearing Officer (see, e.g., Matter of Wiggins v Board of Educ., 60 NY2d 385, 387; Matter of Perez v New York State Dept. of Labor, 244 AD2d 844). Generally, the same canons of construction are applicable to legislation and administrative regulations; consequently, where retroactive application is specifically stated, administrative regulations as well as statutes can be given retroactive effect (see, Matter of Cortland-Clinton, Inc. v New York State Dept. of Health, 59 AD2d 228; 2 NY Jur 2d, Administrative Law, § 188, at 246). However, a retroactive statute may not be used to make lawful an administrative act which was unlawful when taken (see, Lane v Johnson, 283 NY 244, 253-254; Olds v City of Jamestown, 280 NY 281, 285; Matter of London v Wagner, 22 Misc 2d 360, 363, affd 13 AD2d 479, affd 11 NY2d 762). Moreover, we find no precedent which permits the use of a retroactive delegation of authority to cure an administrative act which was unauthorized at the time it was taken (see, Matter of Wiggins v Board of Educ., supra; Matter of Perez v New York State Dept. of Labor, supra).

We reject respondents' assertion that any interpretation of chapter 385 which prohibits the Chancellor from making a retroactive delegation of his authority would render meaningless the retroactive application of the statute. A sound interpretation of chapter 385 is that the Legislature, by authorizing the Chancellor to delegate his duties to community superintendents and by deeming this authority to be effective on December 31, 1996, intended to make clear that these changes would apply to all prospective procedural steps in any pending proceeding commenced under the former law, as well as to validate any delegations which may have actually been made by the Chancellor after December 31, 1996.

It is clear that until the enactment of chapter 385 the Superintendent could have brought charges against petitioner by

seeking a probable cause determination from the CSD 12 Board or the City Board. In view of her unexplained failure to follow that course, respondents cannot now seek to accomplish the same result by such a broad interpretation of chapter 385.

For the foregoing reasons we conclude that chapter 385 did not authorize the retroactive delegation of authority to the Superintendent to determine probable cause. Accordingly, we affirm the judgment of Supreme Court.

MERCURE, J. P., PETERS, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the judgment is affirmed, without costs.