■ In the Matter of NILDA MUNOZ et al., Appellants, v EDNA VEGA et al., Respondents. [756 NYS2d 47] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered September 4, 2001, which denied petitioners' application to annul the determinations of respondent community school district superintendents terminating petitioners' employment as probationary school principals, unanimously affirmed, without costs.

We reject petitioners' argument that under Education Law § 2573 (1) (b), their probationary employment could be terminated only by majority vote of their respective community school boards, and that their terminations by respondent community superintendents were therefore unlawful. First, section 2573 (1) (b), part of article 52 applicable to the New York, Buffalo, Rochester, Syracuse and Yonkers city school districts (Education Law § 2550), does not require a majority vote of the community school board but a majority vote of the board of education. Second, later-enacted Education Law § 2590-f (1) (c) (L 1996, ch 720, § 5), part of article 52-A applicable only to the New York City school district (Education Law § 2590), specifi-

cally grants community superintendents authority to appoint and discharge all employees. To the extent the two provisions are inconsistent, the earlier enacted must be deemed superseded by the later enacted (*cf. Matter of Garzilli v Mills*, 250 AD2d 131, 133 [1998]).

We also reject petitioners' claims that their terminations were unlawful because the superintendents did not comply with the requirements of the Principal Performance Review (PPR). The pertinent statute (Education Law § 2590-f [1] [f]) requires that superintendents evaluate the performance of principals at least annually. In addition, the New York City Board of Education's Rules and Regulations require that all employees be made aware of their deficiencies and given assistance and opportunity to improve their performance. Petitioners do not claim that they were not evaluated at least annually or that they were not given notice of their deficiencies, but only that respondents failed to comply with the PPR's multistep evaluation and reporting requirements. However, as the IAS court held, the PPR is not a rule that implements or applies law that respondents are bound to follow (State Administrative Procedure Act § 102 [2] [a]), but rather a compilation of explanatory forms and instructions that have no legal effect (State Administrative Procedure Act § 102 [2] [b] [iv]; *cf. Matter of Lehman v Board of Educ.*, 82 AD2d 832 [1981]).

In view of the foregoing, the timeliness of petitioners' various claims is academic. Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.