OPINION OF THE COURT
Michael A. Ciaffa, J.
Defendant Allstate insured a vehicle owned by a nonparty, Narciso E. Mestanza. On July 30, 2010, the insured vehicle was involved in an auto accident.
Plaintiff, Medical Select, PC., provided medical services to three individuals who were injured in the accident. Following plaintiff’s submission of timely assigned claims for no-fault benefits, defendant Allstate denied plaintiffs claims. It did so on the ground that plaintiffs assignors had not submitted a required written notice within 30 days of the accident date. The validity of that late notice defense was the sole issue submitted for trial.
Regulatory Background
In pertinent part, applicable no-fault regulations provide that “[n]o action shall lie” against an insurer for no-fault benefits unless certain “condition[s] precedent” are satisfied (see 11 NYCRR 65-1.1 [d] [CONDITIONS]). They include two “independent” notice requirements: (1) receipt of “written notice . . . given by, or on behalf of, each eligible injured person” regarding “the time, place and circumstances of the accident,” and (2) receipt of written “proof of claim” for health services expenses from “the eligible injured person or that person’s assignee or representative.” (See New York & Presbyt. Hosp. v Country-Wide Ins. Co., 17 NY3d 586, 589-590 [2011], quoting 11 NYCRR 65-1.1 [d] [CONDITIONS].) The two notice requirements are “separate and distinct.” (New York & Presbyt. Hosp. v Country-Wide Ins. Co. at 590.) Failure to satisfy either one can justify denial of a provider’s claim. {Id.)
Different time limits apply to each requirement. First, the written “notice of accident” requirement generally mandates submission of that notice “as soon as reasonably practicable, but in no event more than 30 days after the date of the accident.” {See 11 NYCRR 65-1.1 [d] [CONDITIONS].) The “proof *853 of claim” requirement, in turn, generally mandates submission of a no-fault claim by the provider “as soon as reasonably practicable but, in no event later than 45 days after the date services are rendered.” (See id.)
The current time limits for submission of no-fault claims were enacted in 2001, when the former time limits were drastically reduced. (See New York & Presbyt. Hosp. v Country-Wide Ins. Co.; see also Hempstead Pain & Med. Servs., P.C. v General Assur. Co., 13 Misc 3d 980 [Suffolk Dist Ct 2006].) “Specifically, the notice of accident requirement was reduced from 90 days to 30 days, and the time to provide proof of claim was reduced from 180 days to 45 days ... in order to, among other things, prevent the fraud and abuse . . . linked to the lengthy time frames.” (New York & Presbyt. Hosp. v Country-Wide Ins. Co. at 591.) At the same time, however, the standards for excusing late filings were “relaxed” to allow for consideration of “bona fide claims which were subject to bureaucratic delay or mishap” or other “reasonable excuse” for a delay. (See Hempstead Pain & Med. Servs., P.C. v General Assur. Co. at 983.)
Accordingly, under presently applicable regulations, both time limits are subject to a significant “safety valve” provision. (See Long Beach Med. Ctr. v Landmark Ins. Co., 2012 NY Slip Op 33546DJ], *3 [Nassau Dist Ct 2012].) Pursuant to the plain wording of the current regulation (11 NYCRR 65-3.3 [e]),
“[w]hen an insurer denies a claim based upon the failure to provide timely written notice of claim or timely submission of proof of claim by the applicant, such denial must advise the applicant that late notice will be excused where the applicant can provide reasonable justification of the failure to give timely notice.”
Furthermore, an insurer must “establish standards for review of its determinations that applicants have provided late notice of claim or late proof of claim” and must do so “based upon objective criteria.” (11 NYCRR 65-3.5 [1].)
Other provisions in the regulations serve to facilitate the insurer’s receipt of timely written notice “[w]henever the insurer receives notice of claim by telephone” (11 NYCRR 65-3.4 [a]). The insurer in such a case “shall request the name, address and telephone number of the applicant . . . along with reasonably obtainable information regarding the time, place and circumstances of the accident which will enable the insurer to begin processing the claim.” (Id.) Upon receipt of such infor *854 mation, the insurer must send out no-fault application forms (NF-2) to potential claimants, and if the forms are not returned within 30 days of the date of the original mailing, it must follow up by sending the forms a second time (see 11 NYCRR 65-3.4 [b]; 65-3.6 [a]).
The latter requirement obviously contemplates the frequent submission and consideration of late claims from injured parties. When considered together with the “safety valve” provision requiring late notice advisories and the application of objective standards for consideration of late claims, the current regulations strike a careful balance between the general time limits for claim submissions and the need for individualized consideration of injured parties’ late claims for no-fault benefits.
Facts Adduced at Trial
According to the proof adduced at trial, Allstate initially received notice of the accident from its insured within one week of the accident date. It was apparently advised, at that time, that three other individuals (plaintiff’s assignors) had been injured in the accident.
In accordance with applicable no-fault regulations (11 NYCRR 65-3.4 [b]), Allstate thereupon mailed out blank NF-2 applications for no-fault benefits to the three individuals on August 8, 2010. No responses were received within the first 30 days after the mailings.
The following month, on September 7, 2010, Allstate once again mailed out blank NF-2 applications for no-fault benefits to the same three individuals. This time, all three filled the forms out, listing details of the accident and their injuries. All three signed the forms, each one dated September 20, 2010. Allstate received the forms approximately two weeks later, on October 5 and 6, 2010.
Following receipt of the signed NF-2s, Allstate took no immediate steps to advise plaintiffs assignors that their NF-2s had been submitted too late, nor did it advise them that a late submission could be excused. Instead, it was not until Allstate began receiving assigned claims from the plaintiff provider that it first asserted, in its timely denials of the provider’s claims, that it was refusing to pay for necessary treatments due to the assignors’ failure to give written notice to defendant within 30 days of the accident.
Each of the denials includes the following explanation:
“Claim denied for failure to comply with written *855 notice requirement. Notice must be given as soon as reasonably practicable, but in no event more than 30 days after the accident date, unless the eligible injured person submits written proof providing clear and reasonable justification for failure to comply with such time limitation.”
Using almost identical language, the denials added: “reasonable justification not proven, for proof of claim. [T]herefore claim is denied.”
Discussion
Defendant’s proof at trial rests principally upon the undeniable fact that the NF-2s from plaintiff’s assignors were not received within 30 days of the accident date (July 30, 2010). The NF-2s, in fact, were received in early October 2010 — approximately five weeks too late. No explanation for the delay was provided by plaintiffs assignors as part of their late NF-2 submissions. Nor does plaintiff offer any excuse or explanation as part of the proof adduced at trial.
Nevertheless, it remains defendant’s burden to establish its late notice defense in accordance with the regulations governing consideration of late claims. In order for defendant to establish such a defense, it must necessarily prove that the denials “contained] the required advisement” that late notice “will be excused where the applicant can provide reasonable justification of the failure to give timely notice.” (See SZ Med. P.C. v CountryWide Ins. Co., 12 Misc 3d 52, 55 [App Term, 2d Dept, 2d & 11th Jud Dists 2006].) In SZ Med., the Appellate Term held, in a case involving late claims by a provider, that the insurer “waived reliance on the 45-day rule as a basis to deny the claims” where the insurer “points to no portion of its claim denial forms which contain the required advisement.” (Id.) Although the instant case involves the different and independent 30-day time limit for submission of a written notice from an accident victim, the late notice advisory regulation applies equally to both time limits. It follows, therefore, that the principles applied in SZ Med. apply equally in cases, like this one, where late notice of an accident is received from an injured party. Consequently, this court holds that an insurer cannot prevail on such a late notice defense unless it proves that it satisfied its own obligations by providing the injured party with the required late notice advisory (11 NYCRR 65-3.3 [e]).
On the other hand, it is equally clear from case law decisions that the late notice advisory regulation “does not mandate . . . *856 specific mandatory language.” (Hempstead Pain & Med. Servs., P.C. v General Assur. Co. at 982.) Rather, the regulation, “reasonably interpreted,” requires “only that the claimant be apprised that a late claim denial is not necessarily final and is subject to being given an opportunity to demonstrate a reasonable justification for delay.” (Id.) Applying the latter interpretation, Judge Hackeling’s well reasoned decision found “no violation” of the regulation where the insurer’s denial stated “if there is any additional information you wish to submit, we may reconsider our position.” (Id. at 981, 983.)
Unlike the circumstances presented in SZ Med. P.C. v Country-Wide Ins. Co., the insurer’s denials include language which partially tracks the language of 11 NYCRR 65-3.3 (e). However, on balance, the court concludes that the language employed fails to substantially satisfy the requirements of this section. At the very least, a valid denial must include some language indicating that the claimant “may submit additional information (such as justification for delay) and that reconsideration is possible.” (Hempstead Pain & Med. Servs., PC. v General Assur. Co. at 982.) The denials, here, fail to do so.
Reasonably read, the insurer’s denials in this case merely pay lip service to the requirement that the applicant be advised that late notice “will be excused” upon submission of a “reasonable justification” for the late submission. Instead of containing the required advisory, the denials simply present a fait accompli conclusion that “reasonable justification” was “not proven.” Although plaintiffs assignors were copied on the denials, they were never specifically advised, in the denials or otherwise, that they could or should submit additional information explaining why the NF-2 forms were submitted more than 30 days after the accident.
Allowing an insurer to issue denials like these, as a means of avoiding otherwise valid claims, seems fundamentally unfair and contradicts both the letter and intent of the rules governing late no-fault claims. This court has found nothing in the applicable case law which would authorize such a circumvention of the no-fault regulations. Simply stated, the regulations, as a whole, contemplate meaningful efforts by the insurer to give notice to applicants of their right to provide a reasonable explanation for any late notice.
While the regulations do not require an insurer to give immediate notice to accident victims of their ability to submit facts explaining or justifying the late submission of written notice of the accident, the regulations unambiguously provide
*857 “[w]hen an insurer denies a claim based upon the failure to provide timely written notice of claim or timely submission of proof of claim by the applicant, such denial must advise the applicant that late notice will be excused where the applicant can provide reasonable justification of the failure to give timely notice.” (11 NYCRR 65-3.3 [e] [emphasis added].)
Consequently this court holds that the insurer must scrupulously respect the safety valve provisions of the regulations, and give explicit notice in any denial on grounds of late notice that a “late claim denial is not necessarily final” and will be reconsidered if the applicant submits “reasonable justification” for the delay. (Cf. Hempstead Pain & Med. Servs., P.C. v General Assur. Co. at 982.)
In the case at bar, such “explicit notice” is lacking. Moreover, defendant’s trial proof did not demonstrate that it had established “standards for review” of late claims, or that it had established “procedures, based upon objective criteria, to ensure due consideration of denial of claims based upon late notice or late submission of proof of claim.” (11 NYCRR 65-3.5 [1].)
When these shortcomings are considered together with the absence of “explicit notice” to the applicants of the need for a “reasonable explanation” for their delay, the court concludes, on balance, that defendant’s proof at trial falls short of the proof required to make out a “late notice of accident” defense.
Accordingly, defendant’s late notice defense is rejected, on the law and the facts. In the absence of proof that defendant’s denials included explicit notice to the applicants that their late claims could be excused upon submission of a reasonable explanation for the delay, defendant cannot maintain that a “condition precedent” for no-fault coverage was breached. (Cf. Jersey Rehab PA, P.C. v IDS Prop. Cas. Ins. Co., 39 Misc 3d 1218[A], 2013 NY Slip Op 50652[U] [Nassau Dist Ct 2013].) Therefore, plaintiff is awarded judgment on its claims for no-fault benefits, as requested in its complaint.