[994 NYS2d 504]

Sᴋʏ Mᴇᴅɪᴄᴀʟ Sᴜᴘᴘʟʏ Iɴᴄ., as Assignee of Robert Taylor, Plaintiff, v Eʟʀᴀᴄ Iɴᴄ., Doing Business as Eɴᴛᴇʀᴘʀɪsᴇ Rᴇɴᴛ-A-Cᴀʀ, Defendant.

Civil Court of the City of New York, Kings County, August 16, 2014

**APPEARANCES OF COUNSEL**

*Gary Tsirelman P.C.*, Brooklyn, for plaintiff.
*Brand, Glick & Brand, P.C.*, Garden City, for defendant.

## OPINION OF THE COURT

KATHERINE A. LEVINE, J.

The sole issue presented to the court at trial is whether a medical service provider or its assignor can provide an insurance company with oral or telephonic notice of accident or whether such notice must be in writing.

The parties stipulated at trial that neither plaintiff Sky Medical Supply Inc., nor its assignor Robert Taylor, provided defendant ELRAC with a "written notice of claim" within 30 days of the alleged accident and that defendant was only provided with an oral or telephonic "notice of claim." While plaintiff asserts that oral notification is sufficient, defendant asserts that the case law and regulations mandate that a written notice be tendered.

Both sides refer to the notice at issue as a "notice of claim" which must be received within 30 days of the motor vehicle accident. However, this nomenclature has spawned confusion since the no-fault regulations have different names for each of the notices that must be provided by the provider/assignor to the insurance company, and oftentimes both the parties and decisions generically refer to these different notices as a "notice of claim."

In *New York & Presbyt. Hosp. v Country-Wide Ins. Co.* (17 NY3d 586, 590 [2011]), the Court of Appeals carefully distinguished between a "notice of accident" and "proof of claim," both of which were "independent conditions precedent to . . . liability." There, the plaintiff medical provider failed to submit a notice of accident to Country-Wide within 30 days but timely submitted a proof of claim for health care services 40 days after the accident. The Court first cited to the regulations implementing the No-Fault Law (Insurance Law art 51), which contains "circumscribed time frames for claim procedures" in furtherance of the No-Fault Law's goal of ensuring "prompt compensation for losses incurred by accident victims" (*id.* at 589, citing *Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 317 [2007]).

The revised mandatory personal injury protection endorsement in the revised no-fault regulations—11 NYCRR 65-1.1—contains two separate and distinct notice requirements under the subsection entitled "Conditions." It provides that as a condition precedent to bringing an action against an insurance company, there must be:

"*Notice. In the event of an accident, written notice*

setting forth details sufficient to identify the eligible injured person, along with reasonably obtainable information regarding the time, place and circumstances of the accident, *shall be given by, or on behalf of, each eligible injured person, to the Company, or any of the Company's authorized agents, as soon as reasonably practicable, but in no event more than 30 days after the date of the accident* . . .

*"Proof of Claim. Medical, Work Loss, and Other Necessary Expenses. In the case of a claim for health service expenses, the eligible injured person or that person's assignee or representative [e.g., a health care services provider] shall submit written proof of claim to the Company*, including full particulars of the nature and extent of the injuries and treatment received and contemplated, *as soon as reasonably practicable but, in event later than 45 days after the date services are rendered"* (11 NYCRR 65-1.1 [d] [emphasis added]).

In *Hospital for Joint Diseases*, the Court of Appeals noted that these regulations require an accident victim to submit a written notice of claim[*] as soon as practicable but no later than 30 days after an accident; *next*, the injured party or assignee must submit a "proof of claim for medical treatment no later than 45 days after services are rendered." (9 NY3d at 317; *see New York & Presbyt. Hosp.*, 17 NY3d at 591 ["these regulations . . . cannot be interpreted to mean that a hospital/assignee's timely submission of a proof of claim for health services within 45 days of discharge . . . excuses the insured/assignor's failure to give the threshold notice of accident within 30 days of the accident, or that health care service providers are exempt from the written 30-day notice of accident requirement"]; *see also Medical Select, P.C. v Allstate Ins. Co.*, 42 Misc 3d 851, 852 [Nassau Dist Ct 2013] [the two "notice" requirements are "separate and distinct" and different time limits apply to each requirement].)

While 11 NYCRR 65-1.1 mandates that both the notice of accident and proof of claim of health services be in writing, 11 NYCRR 65-3.4 (a) states that *"[w]henever the insurer receives notice of claim by telephone, the party receiving such notice on behalf of the insurer shall be identified to the caller by name and title."* It further requires the insurer's representative to take

---

[*] The Court of Appeals also referred to the notice of accident as the generic "notice of claim."

down the name, address and phone number of the applicant and policyholder along with information regarding the time, place and circumstances of the accident "which will enable the insurer to begin processing the claim." Additionally, 11 NYCRR 65-3.2, which spells out the claim procedures "to be followed by all insurers," provides in subdivision (d) that the insurer should "[h]asten the processing of a claim through the use of a telephone whenever it is possible to do so."

While the courts recognize that these provisions permit an injured party to give an oral "notice of claim" to the insurer, they have not clarified whether the term "notice of claim" applies to proof of claim or notice of accident or both. (*See Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co.*, 7 Misc 3d 18, 20 [App Term, 2d Dept, 2d & 11th Jud Dists 2004] ["an insurer has a right to an IME following an oral or written notice of claim and prior to (its) receipt of the statutory claim forms" (pre-claim IME) (citations omitted)]; *Medical Select, P.C.*, 42 Misc 3d at 853 [provision permitting insurer to receive "notice of claim" by telephone is part of the regulations goal "to facilitate the insurer's receipt of timely written notice"]; *but see Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 106 AD3d 157, 162 [2013] [pursuant to 11 NYCRR 65-2.4, the injured party or his assignee must submit a written notice of claim to an insurer no later than 45 days after services are rendered].)

The two reported decisions where an oral notice of accident was tendered reach opposite results and neither court directly discussed the applicability of 11 NYCRR 65-3.4. (*See Meehan v City of New York*, 295 AD2d 581, 582 [2d Dept 2002] [plaintiff's "telephone report of accident, claim & no-fault," completed shortly after the accident, did not provide the Transit Authority with "actual notice of the essential facts constituting the . . . claim" since they failed to suggest any connection between the accident and alleged negligence in operation of control of bus].) In *Nationwide Mut. Ins. Co. v Acevedo-De La Cruz* (2013 NY Slip Op 31452[U] [Sup Ct, NY County 2013]), the court did not directly rule on the issue before this court but rather refused to vacate a master arbitration award. The original arbitrator had dismissed a no-fault claim because he found that the insured's telephonic notification of the accident violated a condition precedent of the contract which required, pursuant to 11 NYCRR 65.1-1, that notice of an accident be in writing. The court affirmed the master arbitrator's award permitting the claim to go

forward because he had rationally found that 11 NYCRR 65-3.2 (d) and (e) required that the carrier "[h]asten the processing of a claim through the use of a telephone whenever possible to do so," and "[c]learly inform the applicant of the insurer's position regarding any disputed matter." (*Nationwide Mut. Ins. Co. v Acevedo-De La Cruz* at \*4) The master arbitrator thus rationally determined that the insurer had violated the No-Fault Law by failing to inform the insured of its position regarding her oral notification by phone. Furthermore, the court found that 11 NYCRR 65-3.4 supported the master arbitrator's finding that oral notification was sufficient.

This court finds that the tenets of statutory construction mandate that the right of an insured to orally notify the insurer of the notice of claim applies to both the proof of claim and the notice of accident. In construing administrative rules, the court must utilize the same canons of construction applicable to statutes. (*Matter of Cortland-Clinton, Inc. v New York State Dept. of Health*, 59 AD2d 228, 231 [4th Dept 1977]; *see Matter of Garzilli v Mills*, 250 AD2d 131 [3d Dept 1998].) One of the primary tenets of statutory construction is that "a statute or ordinance must be construed as a whole and . . . its various sections must be considered together and with reference to each other." (*People v Mobil Oil Corp.*, 48 NY2d 192, 199 [1979]; *see East Acupuncture, P.C. v Allstate Ins. Co.*, 61 AD3d 202, 209 [2d Dept 2009].) As a corollary, statutes and regulations are to be harmonized, and not interpreted in a way that would leave one section without meaning or force. (McKinney's Cons Laws of NY, Book 1, Statutes § 98; *Matter of Albano v Kirby*, 36 NY2d 526, 530 [1975]; *Matter of Kaiser v Commissioner of N.Y.S. Dept. of Health*, 13 Misc 3d 1211[A], 2006 NY Slip Op 51786[U] [Sup Ct, Nassau County 2006].) To that end, separate sections of a statute should be construed in connection with each other as if they were in the same section. (Statutes §§ 97, 130; *see Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105, 115 [2007].) Finally, regulations should be construed to avoid objectionable, unreasonable or absurd results. (*Long v State of New York*, 7 NY3d 269, 273 [2006]; *Matter of ATM One v Landaverde*, 2 NY3d 472, 477 [2004]; *East Acupuncture, P.C.*, 61 AD3d at 208 [2d Dept 2009]; *Pine Hollow Med., P.C. v Global Liberty Ins. Co. of N.Y.*, 25 Misc 3d 244, 250 [Civ Ct, Richmond County 2009]; Statutes § 145.)

The Superintendent of Insurance determined that the revised Regulation 68 (repealing and replacing the prior 11 NYCRR

part 65) was "the most effective means of advancing the legislative intent of providing prompt payment of [no-fault] benefits as the loss is incurred, while reducing rampant abuse." (*Matter of Medical Socy. of State of N.Y. v Serio*, 100 NY2d 854, 867 [2003].) It would frustrate the legislative intent of the No-Fault Law by reading one particular section of the no-fault regulations apart from the rest of the revised no-fault program—which sets tight deadlines for the submission and payment of claims and "stresses the justifying of claims." (*Nyack Hosp. v General Motors Acceptance Corp.*, 8 NY3d 294, 300 [2007].) The no-fault regulations thus must be construed as a whole and the various sections must be considered in reference to each other; "any construction which deprives any part of a statute of effect and meaning, when it is susceptible of another interpretation giving effect to every part, is avoided" (*East Acupuncture, P.C. v Allstate Ins. Co.*, 15 Misc 3d 104, 107 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], citing Statutes § 231).

The term "notice of claim," as contained in 11 NYCRR 65-3.4 (a), is not specifically defined in the regulations. The canons of statutory construction require a term of greater comprehension to include a lesser term in line with the axiom that the "whole includes all of its parts." (*Matter of DeTroia v Schweitzer*, 87 NY2d 338, 341 [1996].) Furthermore, words and phrases should be interpreted with reference to the scheme of the entire section, and the "meaning of an undefined word depends on the meaning of the whole act." (*Matter of Charlotte's Fancy Rest. v City of N.Y. Dept. of Consumer Affairs*, 121 AD2d 969, 970-971 [1st Dept 1986], *revd* 69 NY2d 865 [1987]; *All Boro Psychological Servs., P.C. v GEICO Gen. Ins. Co.*, 38 Misc 3d 268, 272 [Civ Ct, Kings County 2012]; Statutes § 97.)

In *Medical Select*, the court followed this maxim in finding that the standards for excusing late filings applied to both the notice of accident and proof of claim. Thus, while the revised regulations reduced the time limits in which to submit the forms, the standards for excusing late filings for both forms were "relaxed" so that "bona-fide claims" would be considered if they were delayed due to bureaucratic delay or mishap. (*Medical Select*, 42 Misc 3d at 853; *see Hempstead Pain & Med. Servs., P.C. v General Assur. Co.*, 13 Misc 3d 980 [Suffolk Dist Ct 2006].) The court interpreted the regulations' use of the term "timely written notice of claim or timely submission of proof of claim," as contained in the "safety valve provisions," to apply to both the notice of accident and proof of claim. (*Medical Select* at 853-

854, 857 [interpreting both 11 NYCRR 65-3.4 (a) and 65-3.3 (e); an insurer that denies a claim based upon failure to provide a timely written notice of claim or proof of claim must advise applicant that such late notice will be excused upon presentation of reasonable justification].)

In an analogous situation, the Second Department had to determine which type of claimant the term "applicant" applied to, in light of varying uses of the term in different subsections of the regulations. At issue in *East Acupuncture, P.C. v Allstate Ins. Co.* (61 AD3d 202, 209 [2d Dept 2009]) was whether the toll on the accrual of statutory interest on overdue no-fault claims, pursuant to 11 NYCRR 65-3.9 (c), applies solely to claims submitted directly by the injured party (assignor) or also to claims submitted by the medical providers as assignees of the injured parties. The lower court had determined that the interest toll applied only to claims of the injured persons and not to those of the provider assignee. 11 NYCRR 65-3.9 (a) provides in pertinent part that all overdue personal injury protection benefits due *"an applicant or assignee"* (emphasis added) bears an interest rate of 2% a month. Subdivision (c) however, provides that if the *applicant* did not request arbitration or institute a lawsuit within 30 days after receipt of a denial of claim form or payment, the accumulation of interest would toll on the disputed claim until such action was taken. Since subdivision (c) only referred to the applicant whereas subdivision (a) used the terms applicant and assignee, *East Acupuncture* argued that the interest toll could only apply to claims submitted by the assignor injured party. *Allstate* countered that for tolling purposes, there was no reason to distinguish between claims brought directly by the injured party and those submitted by the provider assignee because the term "applicant" utilized in subdivision (c) referred "generically" to both provider assignees and injured persons. (61 AD3d at 208.)

After reviewing the canons of statutory construction set forth above, the Second Department found that since the no-fault regulations failed to provide a general definition of the term applicant, "the plain meaning of this term in 11 NYCRR 65-3.9 (c) would seem to refer to any entity, whether an injured person or a provider/assignee, who submits a claim" or applies for no-fault benefits. (*Id.* at 210.) While noting that the no-fault regulations did not consistently and exclusively use the term "applicant" to refer to injured persons, and at times used the term to apply to both entities, the Court found that the no-fault

regulations *must* be construed as a whole and their sections *must* be construed in reference to each other. (*Id.* at 211.) Consistent with the goal of the no-fault regulations—to ensure prompt payment of claims—it would be counterintuitive to find that the interest tolling provision applied only to injured persons and then allow a provider's assignee, who delayed commencing legal proceeding, to continue to accrue interest. (*Id.*)

The same reasoning applies herein. Since the core objective of the no-fault regulations is to "provide a tightly timed process of claim, disputation and payment" (*Hospital for Joint Diseases*, 9 NY3d at 319-320), it begs all reason to adopt respondent's position that a regulation which generically permits the receipt of "notices of claim" by telephone does not apply to the specific forms that an assignor must file in order to be eligible for no-fault benefits—the notice of accident and proof of claim. Furthermore, since all provisions of the regulations must be read in tandem, it would be absurd and irrational to permit an assignor to telephone in a proof of claim but mandate that the notice of accident be in writing.

In light of the above, this court finds that the claimant properly notified defendant and judgment should be rendered in favor of the plaintiff.