Matter of Cardinale v New York City Dept. of Educ. (2022 NY Slip Op 02791)

Matter of Cardinale v New York City Dept. of Educ.

2022 NY Slip Op 02791

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2018-05875
2019-00438
 (Index No. 85165/17)

[*1]In the Matter of Rosalie Cardinale, respondent,
v
New York City Department of Education, appellant.

Sylvia O. Hinds-Radix, New York, NY (Claude S. Platton and Kathy Chang Park ) for appellant.
The Behrins Law Firm, Staten Island, NY (Jonathan B. Behrins of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate a determination of a hearing officer pursuant to Education Law § 3020-a, dated July 27, 2017, the New York City Department of Education appeals from (1) an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated March 29, 2018, and (2) an order of the same court dated November 20, 2018. The order dated March 29, 2018, denied the motion of the New York City Department of Education pursuant to CPLR 404(a) and 3211(a) to dismiss the petition and pursuant to CPLR 7511(e) to confirm the arbitration award, and thereupon, granted the petition. The order dated November 20, 2018, insofar as appealed from, denied that branch of the motion of the New York City Department of Education which was for leave to renew its prior motion pursuant to CPLR 404(a) and 3211(a) to dismiss the petition and pursuant to CPLR 7511(e) to confirm the arbitration award.
ORDERED that the order dated March 29, 2018, is reversed, on the law, the motion of the New York City Department of Education pursuant to CPLR 404(a) and 3211(a) to dismiss the petition and pursuant to CPLR 7511(e) to confirm the arbitration award is granted, the order dated November 20, 2018, is vacated, and the matter is remitted to the Supreme Court, Richmond County, for the entry of an appropriate judgment in accordance herewith, inter alia, confirming the arbitration award (see CPLR 7511[e]; 7514[a]); and it is further,
ORDERED that the appeal from so much of the order dated November 20, 2018, as denied that branch of the motion of the New York City Department of Education which was for leave to renew its prior motion pursuant to CPLR 404(a) and 3211(a) to dismiss the petition and pursuant to CPLR 7511(e) to confirm the arbitration award is dismissed as academic in light of our determination on the appeal from the order dated March 29, 2018; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The petitioner, Rosalie Cardinale, was a tenured teacher employed by the New York City Department of Education (hereinafter the DOE). In 2017, the DOE charged Cardinale with various instances of, inter alia, incompetence, misconduct, and neglect of duty. As relevant here, the notice of the determination of probable cause provided to Cardinale was signed by the principal [*2]of Cardinale's school.
At a hearing pursuant to Education Law § 3020-a, Cardinale moved to dismiss the disciplinary charges on the ground that they were "defective as they fail to adhere to Education Law § 3020-a(2)(a) as there has been no vote by the employing board on probable cause." Cardinale asserted that Education Law § 3020-a "requires a vote by the school board . . . as a basis for deciding to charge a tenured employee" (emphasis omitted), and that in the absence of such a vote by the employing board, the charges preferred against her were jurisdictionally defective. Cardinale contended that "Principal Sharon Fishman signed the charging papers after she alone, not the school board, 'found' probable cause." Cardinale further argued that the Chancellor of the DOE lacked the legal authority to make a probable cause determination, or to delegate any such authority.
Following a hearing pursuant to Education Law § 3020-a, in a written determination dated July 27, 2017, the hearing officer: (1) denied Cardinale's motion to dismiss, (2) sustained the specifications alleged by the DOE, and (3) determined that the appropriate penalty was dismissal from service.
As relevant here, the hearing officer rejected Cardinale's assertion that the Chancellor of the DOE lacked the legal authority to make or delegate a probable cause determination. In this regard, the hearing officer concluded that in the City of New York, a probable cause determination does not need to be made after a "vote by the employing board on probable cause." Rather, the hearing officer concluded that Education Law § 2590-h provides the Chancellor of the DOE with the statutory authority to make a probable cause determination, and to delegate that authority to subordinate individuals within the DOE, including, as relevant here, to the principal of a school.
Cardinale subsequently commenced this proceeding pursuant to CPLR article 75 to vacate the determination of the hearing officer dated July 27, 2017. As relevant here, the petition alleged that the hearing officer lacked the legal authority to render the determination because a hearing on the subject disciplinary charges could only be held after a "determination of probable cause in an Executive Session of the employing board and with a vote by the majority of the members."
The DOE made a pre-answer motion pursuant to CPLR 404(a) and 3211(a) to dismiss the petition on the ground that it failed to state a valid claim for relief, and pursuant to CPLR 7511(e) to confirm the arbitration award. Cardinale opposed the DOE's motion, contending, as relevant here, that "[a] proper determination of probable cause is a pre-condition established by statute for [Education Law § ] 3020-a arbitration to begin and for charges to be filed" and that the DOE "failed to show that there was a vote by the employing board in an Executive Session, pursuant to Education Law [§ ] 3020-a(2)(a)"
In an order dated March 29, 2018, the Supreme Court denied the DOE's pre-answer motion to dismiss, and thereupon, granted the petition. As relevant here, the court stated: "[Cardinale] argued before [the] Hearing Officer . . . and now before this Court, that the DOE's failure to submit the charges against [her] to the employing board to determine whether probable cause existed constitutes a procedural defect depriving [the] Hearing Officer . . . of jurisdiction to consider the charges. [The] Hearing Officer . . . rejected [Cardinale's] argument, but this Court does not."
In accepting Cardinale's argument, the Supreme Court concluded that "[t]he concentration of all disciplinary authority into the hands of a single local administrator creates the very 'arbitrary imposition of formal discipline' the legislature sought to prevent when it enacted Education Law § 3020-a."
The Supreme Court also concluded, in effect, as an alternative ground for its determination, that even if the Chancellor had the statutory authority to make a probable cause finding and to delegate that authority to the principal of a school pursuant to Education Law § 2590-h, the DOE had failed to "provide evidence . . . indicating that [the] Chancellor . . . [actually] [*3]delegated her duties and responsibilities" to the principal of Cardinale's school. The DOE appeals.
On appeal, the DOE contends, among other things, that the hearing officer's authority to hear and determine the disciplinary charges was not dependent on a vote by the employing board on probable cause, and that the hearing officer properly determined that Education Law § 2590-h provided the Chancellor with the authority to make and delegate a probable cause determination in the City of New York.
In response, Cardinale contends that the probable cause determination violated her right to due process because it was not made by a vote of the employing board in executive session. Cardinale contends that "it is patently absurd to think that the Legislature intended for the Chancellor, a singular individual, to have the authority to eliminate the [probable cause requirement]" contained in Education Law § 3020-a.
As previously noted, this proceeding was commenced pursuant to CPLR article 75 to vacate the determination of the hearing officer (see id. § 7511[b]). As relevant here, "[a] special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action" (id. § 7502[a]). "[A]ll subsequent applications shall be made by motion in the special proceeding or action in which the first application was made" (id. § 7502[a][iii]).
The general procedure to be used in a special proceeding is set forth CPLR article 4. The party seeking relief in a special proceeding must file a petition (see id. § 402), and "where there is an adverse party" (id.), the statute states that "[t]here shall be . . . an answer" (id.). A respondent in a special proceeding "may raise an objection in point of law by setting it forth in [the] answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer" (id. § 404[a]; see Matter of Lindo v Ponte, 150 AD3d 1244, 1247). "If the motion is denied, the court may permit the respondent to answer, upon such terms as may be just" (CPLR 404[a]; see Matter of Dodge, 25 NY2d 273, 286; cf. CPLR 7804[f]).
On a motion to dismiss pursuant to CPLR 404(a) and 3211(a)(7), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible favorable inference (see generally Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142; Matter of Johnson v County of Orange, 138 AD3d 850, 850-851; Matter of Brown v Foster, 73 AD3d 917, 918). Although the factual averments set forth in a petition must be taken as true in the context of a motion pursuant to CPLR 404(a) and 3211(a), no such deference is given to "the legal conclusions drawn by the pleader nor [the] interpretation of the statutes [or contracts]" invoked in the petition (Matter of Albany, City of v McMorran, 16 AD2d 1021, 1022; see Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 690). Accordingly, "bare legal conclusion[s]" set forth in a petition, without more, are insufficient to state a valid claim for relief (Matter of Brown v Foster, 73 AD3d at 918; see Myers v Schneiderman, 30 NY3d 1, 11; Simkin v Blank, 19 NY3d 46, 52; Maas v Cornell Univ., 94 NY2d 87, 91; Matter of Levy v SUNY Stony Brook, 185 AD3d at 690; Roberts v Pollack, 92 AD2d 440, 444).
CPLR 7511(b) sets forth the grounds for vacating an arbitration award. As relevant here, "[t]he award shall be vacated on the application of a party who . . . participated in the arbitration . . . if the court finds that the rights of that party were prejudiced by . . . an arbitrator" who "exceeded his [or her] power" (id. § 7511[b][1][iii]).
Here, the petition failed to set forth allegations sufficient to vacate the petition on the ground that the hearing officer exceeded his power (see id.). In general, "a proper determination of probable cause is an essential jurisdictional predicate to disciplinary charges and analogous to the proper designation of a Hearing Officer" (Matter of Garzilli v Mills, 250 AD2d 131, 137 [internal quotation marks omitted]; see Education Law § 3020-a[2]). However, contrary to the legal conclusion asserted in the petition, the absence of a vote on probable cause by the "employing board" (Education Law § 3020-a[2]), did not deprive the hearing officer of the jurisdictional authority to hear and determine the underlying disciplinary charges. Rather, as the hearing officer determined, [*4]the Chancellor was vested with the authority "[t]o exercise all of the duties and responsibilities of the employing board as set forth in [Education Law § 3020-a]" (see id. § 2590-h[38]; see also Rivers v Board of Educ. of City School Dist. of City of N.Y., 66 AD3d 410, 410; Matter of Garzilli v Mills, 250 AD2d at 137; cf. Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252), and with the authority to "delegate the exercise of all such duties and responsibilities" (Education Law § 2590-h[38]).
The Supreme Court erred to the extent that it concluded, in effect, as an alternative ground for its determination in the order dated March 29, 2018, that the DOE was required to submit evidence to prove that the Chancellor actually delegated the relevant authority to the principal of Cardinale's school. That issue was not raised before the hearing officer in Cardinale's motion to dismiss, was not asserted in the petition, and was not properly before the Supreme Court (cf. Rivers v Board of Educ. of City School Dist. of City of N.Y., 66 AD3d at 410; Matter of Garzilli v Mills, 250 AD2d at 137). As Cardinale effectively concedes in her appellate brief: "proof of [actual] delegations" from the Chancellor to the principal of Cardinale's school would not be relevant in this case because that issue "was never disputed." Indeed, Cardinale acknowledges on appeal that "[t]he issue was never whether the Chancellor and/or [subordinates] had properly delegated [the] authority." Under the circumstances, in the absence of any cognizable basis for relief asserted in the petition (see CPLR 7511[b]), the court should have granted the DOE's motion pursuant to CPLR 404(a) and 3211(a)(7) to dismiss the petition and pursuant to CPLR 7511(e) to confirm the arbitration award (see generally Blumenkopf v Proskauer Rose LLP, 95 AD3d 647, 648; Matter of Cherry v New York State Ins. Fund, 83 AD3d 446, 446-447).
In light of the foregoing, we need not reach the parties' remaining contentions. Under the circumstances, we remit the matter to the Supreme Court, Richmond County, for the entry of an appropriate judgment in accordance herewith, inter alia, confirming the arbitration award (see CPLR 7511[e]; 7514[a]).
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court