■ MID-ATLANTIC PERFUSION ASSOCIATES, INC., Appellant, v WESTCHESTER COUNTY HEALTH CARE CORPORATION, Respondent. [864 NYS2d 100]—

In an action, inter alia, to recover damages based upon a quasi contract theory for the value of services provided, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered July 17, 2007, as granted those branches of the defendant's motion which were to dismiss the causes of action to recover damages based upon a quasi contract theory and for fraudulent inducement and denied its cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged in its complaint that it provided valuable services in anticipation of entering into a written agreement with the defendant, a municipal corporation, and in reliance upon the defendant's representations that it intended to enter into such an agreement. As it is undisputed that a contract never was executed by either party, the plaintiff brought this action seeking to recover damages based upon a quasi contract theory and for fraudulent inducement.

The Supreme Court properly dismissed the plaintiff's causes of action based upon a quasi contract theory. "[T]here cannot be a valid implied contract with a municipality when the Legislature has assigned the authority to enter into contracts to a specific municipal officer or body or has prescribed the manner in which the contract must be approved, and there is no proof that the statutory requirements have been satisfied" (*Matter of Pache v Aviation Volunteer Fire Co.*, 20 AD3d 731 [2005]).

Mere acceptance of benefits does not estop a municipal corporation from denying liability for services rendered, where a contract was neither validly entered into nor ratified (*see Seif v City of Long Beach*, 286 NY 382 [1941]). "The result may seem unjust but any other rule would completely frustrate statutes designed to protect the public from governmental misconduct or improvidence. The contractor's option is to withhold his services unless an agreement is executed and approved as the statutes require" (*Parsa v State of New York*, 64 NY2d 143, 147 [1984]). We reject the plaintiff's contention that this case falls within the limited exception to the general rule

discussed in *Vrooman v Village of Middleville* (91 AD2d 833 [1982]).

Furthermore, the Supreme Court properly dismissed the plaintiff's fraudulent inducement cause of action as it was duplicative of the quasi contract causes of action (*cf. Town House Stock LLC v Coby Hous. Corp.*, 36 AD3d 509 [2007]; *Jim Longo, Inc. v Rutigliano*, 251 AD2d 547 [1998]).

Finally, the plaintiff's cross motion for leave to serve an amended complaint was properly denied, as the proposed amendment did not cure the deficiencies. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.