■ In the Matter of LEESTHER BROWN, Appellant, v MARY F. FOSTER et al., Respondents. [900 NYS2d 432]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Mary F. Foster, in her capacity as Mayor of the City of Peekskill, dated July 8, 2008, directing the petitioner to refrain from exercising the duties and responsibilities of the offices of Commissioner and Chairperson of the City of Peekskill Housing Authority Board on the ground that certificates of her appointment to those offices had not been filed with the Commissioner of the New York State Division of Housing and Community Renewal, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Hubert, J.), entered May 5, 2009, which granted the respondents' motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition for failure to state a cause of action, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the respondents' motion pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition in this proceeding. On a motion pursuant to CPLR 3211 (a) (7) and 7804 (f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference (*see Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream*, 17 AD3d 472, 473 [2005]; *Matter of Hutt v Retirement Bd. of N.Y. State Teachers' Retirement Sys.*, 299 AD2d 679, 680 [2002]). Here, the petition fails to allege that the petitioner was properly appointed to the offices of Commissioner and Chairperson of the City of Peekskill Housing Authority Board because it does not allege that a certificate of reappointment was filed with the Commissioner of the New York State Division of Housing and Community Renewal, as required by Public Housing Law § 30 (2). The petitioner's bare legal conclusion that she was "duly" appointed for a term commencing on February 24, 2007, and ending on February 23, 2010, was insufficient to make out a claim that she was appointed to her positions in accordance with statutory requirements (*see e.g. Garner v China Natural Gas, Inc.*, 71 AD3d 825 [2010]; *McHenry v Lawrence*, 66 AD3d 650 [2009]). Under these circumstances, the petition fails to state a cause of action.

The petition also failed to state a cause of action against the respondent City of Peekskill. The City itself is not a proper party to this proceeding since only the mayor of the City had authority to appoint the petitioner or direct her to refrain from exercising the duties and responsibilities of the offices of Commissioner and Chairperson of the City of Peekskill Housing Authority Board (*see* Public Housing Law § 30 [2]; § 34; *see generally Staniszewski v Lackawanna Mun. Hous. Auth.*, 191 AD2d 1048 [1993]), and the City did not purport to exercise such authority in any event. Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.