In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered June 28, 2012, as denied its motion for summary judgment dismissing the amended complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant’s motion for summary judgment dismissing the amended complaint is granted.
The plaintiff seeks to recover damages for services it provided to the defendant, City of Peekskill, in connection with the City’s application for a grant from New York State’s Green Innovation Grant Program. According to the plaintiff, the City accepted and approved its services. However, although the plaintiff submitted invoices to the City totaling $92,040, it received payment of only $15,000. Thereafter, the plaintiff commenced this action alleging, inter alia, breach of contract. The City moved for summary judgment dismissing the amended complaint and the plaintiff cross-moved for summary judgment on the complaint. The Supreme Court denied the motion and the cross motion. The City now appeals from so much of the order as denied its motion.
Contrary to the City’s contention, it was not entitled to summary judgment dismissing the amended complaint based on the Supreme Court’s prior August 28, 2011, order denying the plaintiffs earlier motion for summary judgment. In the prior order, the court denied the plaintiffs motion for summary judgment because it did not meet its prima facie burden of establishing the existence of a valid contract that complied with the City Charter. The prior order did not determine that no valid contract existed and did not constitute the law of the case (see Mooney v City of New York, 78 AD3d 795, 797 [2010]; Meekins v Town of Riverhead, 20 AD3d 399, 400 [2005]).
The Supreme Court, however, should have granted the City’s motion for summary judgment dismissing the complaint in light of the principles regarding the validity of municipal contracts. “A municipal contract which does not comply with statutory requirements or local law is invalid and unenforceable” (Infrastructure Mgt. Sys. v County of Nassau, 2 AD3d 784, 786 [2003]; *912 see Granada Bldgs. v City of Kingston, 58 NY2d 705, 708 [1982]). A party contracting with a municipality is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them (see Parsa v State of New York, 64 NY2d 143, 147 [1984]).
Here, the City demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it did not enter into a valid, enforceable contract with the plaintiff that complied with the City Charter. In opposition, the plaintiff failed to raise a triable issue of fact. The mere acceptance of benefits does not estop the municipality from denying liability for payment for services rendered, where a contract was neither validly entered into nor ratified (see id. at 147; Seif v City of Long Beach, 286 NY 382, 387-388 [1941]; Mid-Atlantic Perfusion Assoc., Inc. v Westchester County Health Care Corp., 54 AD3d 831, 832 [2008]). This case, contrary to the Supreme Court’s determination, does not fall within the limited exception to the general rule discussed in Vrooman v Village of Middleville (91 AD2d 833 [1982]).
The plaintiff’s request for certain affirmative relief is not properly before this Court, as it did not file a cross appeal (see Liberty Mut. Fire Ins. Co. v National Cas. Co., 90 AD3d 859, 861 [2011]; Piquette v City of New York, 4 AD3d 402, 404 [2004]). Dillon, J.E, Balkin, Chambers and Cohen, JJ., concur.