Matter of Kunik v New York City Dept. of Educ. (2016 NY Slip Op 05812)





Matter of Kunik v New York City Dept. of Educ.


2016 NY Slip Op 05812


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2015-04025
 (Index No. 13049/13)

[*1]In the Matter of Rimma Kunik, appellant, 
v
New York City Department of Education, et al., respondents.


Melito and Adolfsen, P.C., New York, NY (Steven I. Lewbel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Megan E. K. Montcalm of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review the respondents' rating of the petitioner's job performance for the 2012-2013 school year, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Ash, J.), entered February 4, 2015, which granted the respondents' cross motion pursuant to CPL 3211(a)(7) and 7804(f) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is reversed, on the law, with costs, the cross motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the service and filing of an answer and the administrative record within 30 days after the date of this decision and order, and for further proceedings on the petition in accordance herewith.
The petitioner, who at the relevant time was a school teacher at Fort Hamilton High School in Brooklyn, received a rating of "unsatisfactory" from the respondents for her job performance in the 2012-2013 school year. The petitioner appealed the rating with the respondent New York City Department of Education's (hereinafter the DOE) Office of Appeals and Reviews. Prior to the DOE's determination of the appeal, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to challenge the rating. The parties subsequently stipulated to remove the case from the court's calendar pending determination of the administrative appeal. Thereafter, the DOE denied the petitioner's administrative appeal. The petitioner then moved to restore the petition and sought leave to amend the petition to amplify certain facts. Prior to answering the petition, the respondents cross-moved to dismiss the petition pursuant to CPLR 3211(a)(7) and 7804(f) for failure to state a cause of action. The Supreme Court granted the respondents' cross motion, finding that the DOE's determination was neither arbitrary and capricious nor an abuse of discretion, and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
The Supreme Court erred in granting the respondents' cross motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition. "On a motion to dismiss a pleading pursuant to CPLR 3211(a)(7), all of the allegations in the petition are deemed true and the petitioner is afforded the benefit of every favorable inference" (Matter of Grecco v Cimino, 100 AD3d 892, 897; see Matter of Johnson v County of Orange, 138 AD3d 850; Matter of MVM Constr., LLC v Westchester County, 112 AD3d 635, 635-637; Matter of Oddone v Suffolk County Police Dept., 96 AD3d 758, 762). In determining such a motion, the sole criterion is whether the petition sets forth allegations [*2]sufficient to make out a claim that the determination sought to be reviewed was " made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of Oddone v Suffolk County Police Dept., 96 AD3d at 762). When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Matter of Clavin v Mitchell, 131 AD3d 612, 614).
Applying this standard, the petition and the documents annexed to it establish a cognizable claim that the respondents' determination was made in violation of lawful procedure, or was arbitrary and capricious or an abuse of discretion. Contrary to the respondents' contention, the petitioner's claim is not a mere disagreement as to whether the rating of "unsatisfactory" was deserved. Rather, as set forth in the petition, the petitioner alleges that the process used by the respondents in arriving at the rating was based on a failure to observe her entire class lesson, faulty background knowledge, and unlawful procedure. Accordingly, the Supreme Court erred in granting the respondents' cross motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition (see Matter of Schlemme v Planning Bd. of City of Poughkeepsie, 118 AD3d 893, 895; Matter of MVM Constr., LLC v Westchester County, 112 AD3d at 636; Matter of Oddone v Suffolk County Police Dept., 96 AD3d at 762; Matter of Zaidins v Hashmall, 288 AD2d 316, 316-317).
Thus, we remit the matter to the Supreme Court, Kings County, for the service and filing of an answer to the petition and the complete administrative record (see CPLR 7804[d], [e]), and for further proceedings thereafter on the petition.
BALKIN, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court