Matter of Levy v SUNY Stony Brook (2020 NY Slip Op 03784)





Matter of Levy v SUNY Stony Brook


2020 NY Slip Op 03784


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2019-06603
 (Index No. 801/18)

[*1]In the Matter of Michael Levy, appellant,
v
SUNY Stony Brook, et al., respondents.


Scott Michael Mishkin, P.C., Islandia, NY (Paul A. Carruthers of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Ari J. Savitzky of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of SUNY Stony Brook dated October 19, 2017, terminating the petitioner's employment as an Office Assistant 1, the petitioner appeals from an order and judgement (one paper) of the Supreme Court, Suffolk County (David T. Reilly, J.), dated December 6, 2018. The order and judgment granted the respondents' motion pursuant to CPLR 3211(a) and, in effect, CPLR 7804(f) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding to review a determination of the respondent SUNY Stony Brook (hereinafter SUNY) terminating his employment as an Office Assistant 1. The petitioner alleged, inter alia, that the respondents breached certain provisions contained in a stipulation of settlement entered into between the petitioner and SUNY on March 8, 2017 (hereinafter the 2017 stipulation).
Prior to interposing an answer, the respondents moved pursuant to CPLR 3211(a) and, in effect, CPLR 7804(f), to dismiss the petition. The petitioner opposed the respondents' motion. In an order and judgment dated December 6, 2018, the Supreme Court granted the respondents' motion and dismissed the proceeding. The petitioner appeals.
A proceeding to challenge an administrative determination pursuant to CPLR article 78 is commenced with "a verified petition, which may be accompanied by affidavits or other written proof" (CPLR 7804[d]; cf. CPLR 105[u]). As relevant here, the questions that may be raised in a proceeding under this article are "whether [the] determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]).
An adverse party responds to the allegations in a petition in "a verified answer, which must state pertinent and material facts showing the grounds of the respondent's [determination]" (CPLR 7804[d]). The CPLR authorizes a respondent to "raise an objection in point of law by setting [*2]it forth in [its] answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer" (CPLR 7804[f]; see CPLR 3211[a]; Matter of Miller v Ravitch, 60 NY2d 527, 533).
"On a motion [to dismiss] pursuant to CPLR 3211(a)(7) and 7804(f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible [favorable] inference" (Matter of Brown v Foster, 73 AD3d 917, 918; see Matter of Johnson v County of Orange, 138 AD3d 850, 850-851). As relevant here, the petition must set forth factual allegations which, if credited, are "sufficient to make out a claim that the determination sought to be reviewed was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Kunik v New York City Dept. of Educ., 142 AD3d 616, 617, quoting CPLR 7803[3]; see Matter of Munroe v Ponte, 148 AD3d 1025, 1027). Dismissal of the petition is warranted if the petitioner "fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Although the factual averments set forth in a petition must be taken as true in the context of a motion pursuant to CPLR 3211(a) and 7804(f), no such deference is given to "the legal conclusions drawn by the pleader nor [its] interpretation of the statutes [or contracts] involved" (Matter of Albany, City of v McMorran, 16 AD2d 1021, 1022). Accordingly, "bare legal conclusion[s]" set forth in a petition, without more, are insufficient to state a valid claim for relief under CPLR article 78 (Matter of Brown v Foster, 73 AD3d at 918; see Myers v Schneiderman, 30 NY3d 1, 11; Simkin v Blank, 19 NY3d 46, 52; Maas v Cornell Univ., 94 NY2d 87, 91; Roberts v Pollack, 92 AD2d 440, 444).
In addition to bare legal conclusions, "factual claims either inherently incredible or flatly contradicted by documentary evidence" are not entitled to any presumption of truth (Roberts v Pollack, 92 AD2d at 444; see Myers v Schneiderman, 30 NY3d at 11; Simkin v Blank, 19 NY3d at 52; Maas v Cornell Univ., 94 NY2d at 91; Garner v China Natural Gas, Inc., 71 AD3d 825, 826). Accordingly, "[w]hen evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Matter of Kunik v New York City Dept. of Educ., 142 AD3d at 618; see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Matter of Tyson v Town of Ramapo, 165 AD3d 805, 806).
Here, the petition failed to set forth allegations sufficient to make out a claim that the termination of the petitioner's employment was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of Munroe v Ponte, 148 AD3d at 1027). The allegations in the petition that SUNY's determination to terminate his employment "was arbitrary, capricious, [and] an abuse of discretion," without more, are bare legal conclusions and insufficient to state a valid claim for relief (see Matter of Brown v Foster, 73 AD3d at 918). To the extent that the petitioner alleged that the termination of his employment was made in violation of the terms of the 2017 stipulation, the evidentiary materials attached to the petition, which included copies of the 2017 stipulation and SUNY's determination terminating his employment, demonstrated that those allegations were not facts at all, and that "no significant dispute exists regarding [them]" (Guggenheimer v Ginzburg, 43 NY2d at 275; see Matter of Tyson v Town of Ramapo, 165 AD3d at 806; Reznick v Bluegreen Resorts Mgt., Inc., 154 AD3d 891, 892-893). The evidentiary materials attached to the petition "flatly contradicted" the petitioner's allegation that the respondents breached the 2017 stipulation in terminating his employment (Myers v Schneiderman, 30 NY3d at 11 [internal quotation marks omitted]). Accordingly, we agree with the Supreme Court's determination to grant the respondents' motion to dismiss the petition.
In light of our determination, we need not reach the respondents' remaining contention, which is raised as an alternative ground for affirmance (see LaSalle Bank, N.A. v Delice, [*3]175 AD3d 1283, 1284).
MASTRO, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court