Matter of Parvaz v Public Serv. Commn. (2022 NY Slip Op 00339)





Matter of Parvaz v Public Serv. Commn.


2022 NY Slip Op 00339


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

529194
[*1]In the Matter of Sarwat Parvaz et al., Appellants,
v
Public Service Commission et al., Respondents.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Sarwat Parvaz, New York City, appellant pro se.
Robert Rosenthal, Public Service Commission, Albany (Ryan Coyne of counsel), for Public Service Commission, respondent.
Law Office of Nadine Rivellese, New York City (Rosalie Zuckerman of counsel), for Consolidated Edison Co. of New York, Inc., respondent.



Lynch, J.
Appeal from a judgment of the Supreme Court (Maney, J.), entered April 16, 2020 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted a motion by respondent Public Service Commission to dismiss the petition.
Petitioner Sarwat Parvaz is an executive of petitioner Moon Convenience & Deli Inc., a convenience store located in Kings County. Respondent Consolidated Edison Co. of New York Inc. (hereinafter Con Ed) turned on electricity service at Moon Convenience in January 2010 and initially billed petitioners at the Service Classification No. 2 (General-Small) rate (hereinafter SC-2) in accordance with its tariff, which applies when a customer's energy requirements do not exceed 10 kilowatts per month.[FN1] In September 2010, a representative of Moon Convenience contacted Con Ed regarding the accuracy of petitioners' electricity bills and the functioning of the meter. In response, Con Ed inspected the meter, found that petitioners' energy usage exceeded 3,000 kilowatts for two consecutive months and, on November 3, 2010, installed a demand meter. In December 2010, Con Ed reclassified petitioners to the Service Classification No. 9 (General-Large) rate (hereinafter SC-9), which applies when a nonresidential customer's recorded demand exceeds 10 kilowatts for two consecutive months.[FN2]
Petitioners disputed their electricity bills and, in October 2011, requested an informal hearing before respondent Public Service Commission (hereinafter PSC). Following the informal hearing, a Hearing Officer found that the "charges rendered for electric service [we]re correct as billed and no adjustment [wa]s warranted," but waived the late payment charges assessed during the history of the complaint and directed Con Ed to offer a deferred payment agreement to petitioners if they were unable to pay the balance in full, with any additional late payment charges accruing on the outstanding bills waived "upon the successful completion [thereof]." Petitioners administratively appealed that determination in July 2012. In May 2017, the PSC sustained the Hearing Officer's determination, finding, among other things, that there was "no evidence to suggest that [petitioners'] meter [recordings] w[ere] inaccurate," that Con Ed appropriately reclassified petitioners from the SC-2 rate to the SC-9 rate in accordance with its tariff and that the SC-9 rate was, in any event, more advantageous to petitioners.
After the PSC denied petitioners' request for a rehearing, Parvaz, on behalf of herself and Moon Convenience, commenced this CPLR article 78 proceeding in Kings County challenging the PSC's determination and requesting various relief, including (1) reclassification to the SC-2 rate on the basis that Moon Convenience is a "small commercial customer," (2) annulment of the "late fees, compound interest charges, [and] other miscellaneous charges" accruing on the outstanding balance of the bills due to PSC's "delay" in resolving the administrative appeal, [*2]and (3) a judgment permitting petitioners to pay the outstanding monies owed on the disputed bills in installments in the event that they were unsuccessful in the proceeding. The PSC moved, pre-answer, to change venue to Albany County and to dismiss the petition.
Supreme Court (Rothenberg, J.) granted that part of the PSC's motion that sought to transfer venue to Albany County (see CPLR 510), but declined to rule on that part of the motion that sought dismissal of the petition. After venue was transferred, the PSC renewed its motion to dismiss the petition for failure to state a cause of action, contending that petitioners failed to make any allegation that the PSC's determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious (see CPLR 7803 [3]). Upon considering the administrative record, Supreme Court (Maney, J.) granted the motion and dismissed the petition, finding, among other things, that petitioners lacked standing to challenge the reclassification to the SC-9 rate insofar as it was more beneficial to them than the SC-2 rate. The court also concluded that the SC-9 rate was properly assessed in December 2010 based upon petitioners' actual energy usage, and that petitioners' objection to the late charges accruing on the unpaid balance of the disputed bills during the pendency of the administrative appeal failed to state a cause of action. Petitioners appeal.[FN3]
We affirm. A petition in a CPLR article 78 proceeding "must set forth factual allegations which, if credited, are sufficient to make out a claim that the determination sought to be reviewed was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 690 [2020] [internal quotation marks and citations omitted]). Where, as here, "evidentiary material is considered [on a motion to dismiss], the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader . . . is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Matter of 54 Marion Ave. LLC v City of Saratoga Springs, 162 AD3d 1341, 1342 [2018]).
To the extent that Parvaz challenges the reclassification to the SC-9 rate, we find that the PSC's determination to uphold the reclassification has a rational basis. The record demonstrates that Con Ed installed a demand meter in November 2010 and inspected it for accuracy on multiple occasions, finding each time that it was recording properly. As reflected in the billing statements, Parvaz's documented energy use exceeded over 10 kilowatts for well over two consecutive months. Since the rate reclassification was based upon Moon Convenience's [*3]documented energy use in accordance with Con Ed's tariff, we discern no basis upon which to disturb the PSC's determination (see generally Matter of Levy v SUNY Stony Brook, 185 AD3d at 691).[FN4]
Nor did Supreme Court err in dismissing so much of the petition as challenged the approximate five-year delay in resolving petitioners' administrative appeal. Although the PSC has an obligation to "use its best efforts to complete its investigation and . . . to issue, within [90] days, its final written determination of any appeal" (Public Service Law § 43 [3]), this deadline is discretionary, rather than mandatory (see generally Matter of Dickinson v Daines, 15 NY3d 571, 575-576 [2010]; Matter of Rochester Gas & Elec. Corp. v Maltbie, 272 App Div 162, 165-166 [1947]). In any event, even if the five-year delay was unreasonable, there was no pecuniary prejudice resulting therefrom, as petitioners have already been provided with a mechanism to obtain the relief that they seek resulting from the delay — i.e., cancellation of the late payment charges and other fees accruing on the outstanding bills.
To that end, we first note that Con Ed was permitted by regulation to impose continuing late payment charges for any bill that was not paid within 20 days of its due date (see 16 NYCRR 13.10 [a] [1]). Notwithstanding Con Ed's authority in this respect, the Hearing Officer waived the late payment charges that accrued during the history of the complaint, and conditionally waived any additional late payment charges accruing on the outstanding bills in the event that Parvaz decides to accept and complete a deferred payment agreement. In its brief, the PSC represents that Parvaz has been encouraged to discuss such a settlement, which would provide for a waiver of continuing late payment charges in return for her agreement to pay the outstanding balance in installments. Con Ed confirmed during oral argument before this Court that it had made such an offer to Parvaz on several occasions, but she has not yet pursued that course. Accepting the representation that the late payment charges will be waived upon Parvaz's agreement to enter into a deferred payment program, we find no basis to disturb Supreme Court's determination.
Parvaz's remaining arguments have been considered and found lacking in merit.
Garry, P.J., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: At that time, the tariff also provided that, "[w]henever a [c]ustomer's metered use under [SC-2] exceeds 10 kilowatts of maximum demand in two consecutive months, the [c]ustomer's use thereafter will be billed under the appropriate [s]ervice [c]lassification for the [c]ustomer's use of service."

Footnote 2: Following the rate reclassification, petitioners contacted the Office of Consumer Services — a division of the Department of Public Service — to dispute a notice that they had received from Con Ed advising that service would be disconnected, effective March 1, 2011, due to petitioners' alleged failure to pay certain outstanding electricity bills. Upon investigating the matter, the Office of Consumer Services informed petitioners that it discerned no basis for adjusting their outstanding bills, noting that Con Ed had inspected the demand meter on March 17, 2011 and found no irregularities. Another meter test was conducted at Con Ed's testing facility on October 24, 2011 and was witnessed by a representative of respondent Public Service Commission (see 16 NYCRR 92.3 [b]), who found that the meter was recording accurately within applicable guidelines.

Footnote 3: Parvaz filed the notice of appeal pro se, on behalf of herself and Moon Convenience. However, as Parvaz is not an attorney, she cannot prosecute an appeal on behalf of Moon Convenience (see CPLR 321 [a]; Matter of Naroor v Gondal, 5 NY3d 757, 757 [2005]). We treat that portion of the appeal as a nullity.

Footnote 4: We also note that the reclassification inures to Parvaz's benefit. The record includes an August 2012 letter from a representative of OCS's Appeals Unit who analyzed the energy usage at Moon Convenience from July 19, 2011 to July 18, 2012. The representative revealed that, because the energy usage at Moon Convenience reflected a "favorable 'load factor[,]' . . . the cost per kilowatt-hour [wa]s less [at] the [SC-9] rate than [at] the [SC-2] rate under the utility's tariff." Accordingly, the representative explained that, if Parvaz had been billed "for the same consumption at the [SC-2] rate," her bills "would have cost $2,338.29 more."