Matter of Hene v Egan (2022 NY Slip Op 03727)

Matter of Hene v Egan

2022 NY Slip Op 03727

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2020-02606
 (Index No. 609000/19)

[*1]In the Matter of Scott Hene, appellant,
v
Theresa L. Egan, etc., et al., respondents.

The Glass Group, PLLC, Plainview, NY (Maxwell Glass of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondents to modify the time period for which a conviction of driving while ability impaired appears on his New York State Department of Motor Vehicle abstract of his operating record, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered January 23, 2020. The order and judgment, in effect, granted that branch of the respondents' motion which was pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition for failure to state a cause of action, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In October 2014, the petitioner was convicted of driving while ability impaired in violation of Vehicle and Traffic Law § 1192(1) (hereinafter the 2014 DWAI conviction). On or about February 9, 2019, the petitioner filed an administrative appeal with the respondent New York State Department of Motor Vehicles (hereinafter the DMV), demanding that the DMV remove the 2014 DWAI conviction from the abstract of his operating record. In a letter dated March 26, 2019, the DMV's Appeals Board rejected the petitioner's appeal.
The petitioner then commenced this CPLR article 78 proceeding, inter alia, in the nature of mandamus to compel the DMV to take certain actions as specified in the petition. The respondents moved, among other things, pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition for failure to state a cause of action. In an order and judgment entered January 23, 2020, the Supreme Court, in effect, granted that branch of the respondents' motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
On a motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss a petition for failure to state a cause of action, "the sole criterion is whether the petition sets forth allegations sufficient to make out a claim that the determination sought to be reviewed was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Matter of Kunik v New York City Dept. of Educ., 142 AD3d 616, 617 [internal quotation marks omitted]; see Matter of MVM Constr., LLC v Westchester County, 112 AD3d 635, 636).
Mandamus to compel performance is an extraordinary remedy that is available only in limited circumstances (see Matter of County of Fulton v State of New York, 76 NY2d 675, 678; Klostermann v Cuomo, 61 NY2d 525). "[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679). "'[M]andumus will lie against an administrative officer only to compel him [or her] to perform a legal duty, and not to direct how he [or she] shall perform that duty'" (Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d 535, 536, quoting People ex rel. Schau v McWilliams, 185 NY 92, 100). "A party seeking relief in the nature of mandamus must show a 'clear legal right' to that relief" (Matter of County of Fulton v State of New York, 76 NY2d at 678, quoting Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16; see Matter of Chet's Garage, Inc. v Village of Goshen, 161 AD3d 727, 731; Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d at 536-537).
The analysis in this matter turns on the question of whether Vehicle and Traffic Law § 354 prohibits the DMV from disclosing in the abstract of a driver's operating record any convictions arising from the operation of a motor vehicle that occurred prior to the three calendar years preceding the year in which the DMV received the request for the abstract of the operating record. Vehicle and Traffic Law § 354 provides, in relevant part, that, upon request, the DMV shall furnish an abstract of a driver's operating record, "which abstract shall include enumeration of any convictions of such person of a violation of any provision of any statute relating to the operation of a motor vehicle . . . during the current calendar year and the three calendar years preceding that in which the request for the operating record is received."
The plain language of Vehicle and Traffic Law § 354 requires the DMV to include in the abstract of the driver's operating record an enumeration of convictions going back three calender years preceding the request. It does not, however, expressly prohibit the DMV from enumerating convictions prior to the three-year look-back period in the abstract of the operating record.
The legislative history of Vehicle and Traffic Law § 354, which was enacted in 1957, indicates that the purpose of the three-year look-back period was to relieve the DMV of the onerous burden of searching for operating records in light of the anticipation that requests for such records would substantially increase due to the enactment of the Financial Security Act (see Letter from State of NY Dept of Taxation & Finance, Bill Jacket, L 1957, ch 912 at 7; Mem to the Governor from Supt of Ins, Bill Jacket, L 1957, ch 912 at 11). It was determined, at that time, that operating records dating back more than three years were "of course, of no value to an insurance carrier" (Mem to the Governor from Supt of Ins, Bill Jacket, L 1957, ch 912 at 11; see Letter from State of NY Dept of Taxation & Finance, Bill Jacket, L 1957, ch 912 at 7), and that a three-year "cut-off" period would allow the DMV to more expeditiously respond to numerous requests for operating records (Mem to the Governor from Supt of Ins, Bill Jacket, L 1957, ch 912 at 11).
Given the text and legislative intent of Vehicle and Traffic Law § 354, the respondents established that the petition fails to set forth allegations entitling the petitioner to a clear right to mandamus relief to compel the DMV to modify the period of time for which the 2014 DWAI conviction appears on the abstract of his operating record.
Further, the Supreme Court properly determined that the petition failed to set forth allegations sufficient to make out a claim that the determination sought to be reviewed was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see Matter of Kunik v New York City Dept. of Educ., 142 AD3d at 617; Matter of MVM Constr., LLC v Westchester County, 112 AD3d at 636).
Accordingly, the Supreme Court properly, in effect, granted that branch of the respondents' motion which was pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition for failure to state a cause of action, denied the petition, and dismissed the proceeding.
The respondents' remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court