Matter of Board of Mgrs. of Franklin Place Condominium v New York City Fire Dept. (2023 NY Slip Op 00721)

Matter of Board of Mgrs. of Franklin Place Condominium v New York City Fire Dept.

2023 NY Slip Op 00721

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Index No. 161047/20 Appeal No. 17297 Case No. 2021-03533 

[*1]In the Matter of Board of Managers of Franklin Place Condominium et al., Petitioners-Appellants,
v
New York City Fire Department et al., Respondents-Respondents.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Stephen H. Orel of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Antonella Karlin of counsel), for New York City Fire Department, Daniel A. Nigro, New York City Department of Transportation and Margaret Forgione, respondents.
Borstein Turkel PC, New York (Avram S. Turkel of counsel), for EMFT LLC, respondent.
Stern Tannenbaum & Bell LLP, New York (Karen S. Frieman of counsel), for 70 Franklin Place LLC, respondent.
Wilk Auslander LLP, New York (Michael T. Contos of counsel), for 373-375 Broadway, LLC, respondent.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for The Board of Managers of 377 Broadway Condominium, respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about August 10, 2021, which, to the extent appealed from as limited by the briefs, in this hybrid article 78 proceeding and declaratory judgment action, granted respondents' motion and cross motions to dismiss the petition to compel respondent New York City Fire Department (FDNY) to regulate Franklin Place as a fire apparatus access road and install "No Parking" signs, and for a judgment declaring that Franklin Place is a fire apparatus access road, unanimously affirmed, without costs.
Petitioners are not entitled to a writ of mandamus to compel the FDNY to designate Franklin Place, a private alley abutting petitioners' building, as a "fire apparatus access road" within the meaning of the New York City Fire Code (Administrative Code of City of NY, title 29, ch 2). The designation of a roadway as a fire apparatus access road is not a ministerial, but discretionary, act (see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]). The Fire Code requires that buildings be accessible to department fire apparatus by way of a public street or an "approved fire apparatus access road" (Fire Code § FC 503.1). The term "approved" is defined as "[a]cceptable to the commissioner" (Fire Code § FC 202). Thus, reading the relevant Fire Code provisions together, to qualify as a fire apparatus access road, a roadway must meet certain requirements and specifications (see e.g. Fire Code § FC 503.2.2, 503.2.3), and the satisfaction of these conditions must be acceptable to the commissioner of the FDNY (Fire Code § FC 202). These provisions clearly contemplate an exercise of discretion by the FDNY in determining whether a roadway may be designated a fire apparatus access road. In view of the foregoing, petitioners are also not entitled to a writ compelling the FDNY to install signs prohibiting parking on the street.
The claim for declaratory relief was also properly dismissed. Petitioners did not identify a viable dispute between themselves and the FDNY based on their own interpretation of the Fire Code (see Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 690 [2d Dept 2020]). Further, petitioners conceded before the motion court that dismissal of the declaratory judgment claim would be required if mandamus relief were denied. Indeed, the essential nature of the proceeding may not be changed by characterizing petitioners' request to compel a finding that the street is a fire apparatus access road as one for a declaratory judgment (see Matter of Baychester Retail III, LLC v City of New York, 201 AD3d 512, 513 [1st Dept 2022]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023