Virgilio Trailer Corp. v Ferrandino & Son, Inc. (2023 NY Slip Op 01024)

Virgilio Trailer Corp. v Ferrandino & Son, Inc.

2023 NY Slip Op 01024

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-02760
 (Index No. 2371/16)

[*1]Virgilio Trailer Corp., respondent,
v
Ferrandino & Son, Inc., appellant.

Gathman & Bennett, LLP, Huntington, NY (John C. Bennett of counsel), for appellant.

DECISION & ORDER
In an action to recover a down payment made pursuant to a construction contract and to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered January 23, 2020. The judgment, upon a decision of the same court, made after a nonjury trial, is in favor of the plaintiff and against the defendant in the principal sum of $55,955.
ORDERED that the judgment is affirmed, without costs or disbursements.
On September 25, 2013, the defendant submitted a written proposal to the plaintiff for certain work in connection with the construction of a storage facility in Wyandanch. The plaintiff's owner, Vito Virgilio, accepted the proposal by signing and returning it to the defendant with a check for a down payment in the sum of $55,955. Thereafter, the defendant submitted change orders to the plaintiff for additional charges not contained in the written proposal. When the plaintiff declined to pay those additional charges, the defendant refused to perform any work on the project. In April 2016, the plaintiff commenced this action to recover its down payment and to recover damages for breach of contract, alleging that the defendant breached the parties' agreement by refusing to proceed with the construction.
Thereafter, the matter proceeded to a nonjury trial, at which testimony was elicited from Virgilio and from the defendant's director of construction, Juan Vega. Virgilio testified that after the parties entered into the agreement, the defendant provided a change order seeking an additional sum of $42,500 to "remove and dispose . . . of additional fill," and a second change order seeking an additional sum of $3,000 for the removal of trees. Virgilio testified that the plaintiff declined to pay those additional charges, and the defendant performed no work on the project. Further, Vega testified that the defendant expended "in the ballpark of 10 to $12,000" for two days of mobilizing equipment before the defendant's change orders were rejected and work on the project ceased.
Following the trial, the Supreme Court found, inter alia, that the plaintiff was entitled to the return of its down payment, and that the defendant failed to establish that any work was actually performed on the project. In a judgment entered January 23, 2020, the court awarded the plaintiff the principal sum of $55,955. The defendant appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as [*2]broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case that the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Castaldi v Syosset Cent. Sch. Dist., 203 AD3d 690).
"The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and resulting damages" (Ayers v City of Mount Vernon, 176 AD3d 766, 769; see AB Oil Servs., Ltd. v TCE Ins. Servs., Inc., 188 AD3d 624, 628). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589; see Toobian v Golzad, 193 AD3d 778, 783; Utica Bldrs., LLC v Collins, 176 AD3d 897, 899-900).
Contrary to the defendant's contention, the evidence adduced at trial established the existence of a contract between the parties based upon the admission into evidence of the defendant's written proposal, and evidence of the plaintiff's down payment showing its acceptance of the defendant's offer. Further, the evidence adduced at trial established that the defendant breached the agreement by failing to perform any construction, as Vega acknowledged that the defendant did not perform the agreed-upon work on the project after the plaintiff declined to authorize the change orders (see Dean Bldrs. Group, P.C. v M.B. Din Constr., Inc., 186 AD3d 1612, 1614). Contrary to the defendant's contention, the evidence presented at trial did not establish that the plaintiff breached the agreement, as the plaintiff was under no obligation to accept change orders submitted by the defendant. Accordingly, the Supreme Court properly awarded the plaintiff the sum of $55,955 as recovery for the plaintiff's down payment.
The defendant's remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court