Matter of Silverman v Town of Ramapo (2023 NY Slip Op 06254)

Matter of Silverman v Town of Ramapo

2023 NY Slip Op 06254

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-07312
 (Index No. 30606/21)

[*1]In the Matter of Joel Silverman, appellant, 
v
Town of Ramapo, respondent.

Law Office of John A. Scola, PLLC, New York, NY (John Scola of counsel), for appellant.
Sokoloff Stern, LLP, Carle Place, NY (Steven C. Stern and Sanjana Biswas of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent to accept for filing four domestic incident reports, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated September 6, 2021. The order and judgment, insofar as appealed from, granted the respondent's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 against the respondent, the Town of Ramapo (hereinafter the Town), inter alia, to compel the Ramapo Police Department (hereinafter RPD) to accept for filing four domestic incident reports which he had filed with the New York City Police Department (hereinafter NYPD), pursuant to Executive Law § 646(3). According to the petition, the petitioner's ex-wife had made false allegations against him in March and July 2016, and he made the reports to counter her allegations. The petitioner further alleged that he filed the reports in November and December 2020 with the NYPD and not the RPD, because the RPD had not accepted the reports in 2017, when he had previously attempted to file the reports, as a result of his ex-wife's connections with an attorney in the Rockland County District Attorney's office. It is undisputed that the NYPD forwarded the reports to the RPD and the RPD filed the reports. In an order and judgment dated September 6, 2021, the Supreme Court, inter alia, granted the Town's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, and dismissed the proceeding. The petitioner appeals.
On a motion pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss a petition, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference (see Matter of Le Golgotha Lodge, Inc. v Tax Commn. of the City of N.Y., 196 AD3d 581, 582-583; Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 690; Matter of Tyson v Town of Ramapo, 165 AD3d 805, 806). On a motion pursuant to CPLR 3211(a)(7), "'[c]ourts may consider extrinsic evidence outside of the pleading's four corners to help determine whether the pleading party has a [*2]cause of action, as distinguished from whether the pleading simply states a cause of action'" (Matter of Riverkeeper, Inc. v New York City Dept. of Envtl. Protection, 214 AD3d 986, 987, quoting Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 804).
Although the factual averments set forth in the petition must be taken as true, no such deference is given to the legal conclusions drawn by the pleader nor their interpretation of the statutes invoked in the petition (see Matter of Cardinale v New York City Dept. of Educ., 204 AD3d 994, 997-998; Matter of Levy v SUNY Stony Brook, 185 AD3d at 690). "Accordingly, bare legal conclusions set forth in a petition, without more, are insufficient to state a valid claim for relief under CPLR article 78" (Matter of Levy v SUNY Stony Brook, 185 AD3d at 690 [internal quotation marks and alterations omitted]; see Myers v Schneiderman, 30 NY3d 1, 11). In addition to bare legal conclusions, "factual claims either inherently incredible or flatly contradicted by documentary evidence" are not entitled to any presumption of truth (Roberts v Pollack, 92 AD2d 440, 444; see Myers v Schneiderman, 30 NY3d at 11).
"Mandamus to compel performance is an extraordinary remedy that is available only in limited circumstances" (Matter of Hene v Egan, 206 AD3d 734, 735; see Matter of County of Fulton v State of New York, 76 NY2d 675, 678). "'[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion'" (Matter of Hene v Egan, 206 AD3d at 736, quoting Matter of Brusco v Braun, 84 NY2d 674, 679). "A party seeking relief in the nature of mandamus must show a 'clear legal right' to that relief" (Matter of County of Fulton v State of New York, 76 NY2d at 678; quoting Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16; see Matter of Hene v Egan, 206 AD3d at 736).
The petitioner relies on Executive Law § 646(3) as the basis for his claims. Executive Law § 646(3) provides: "An individual who has been the victim in this state of a family offense as defined in [Criminal Procedure Law § 530.11(1)] or [Family Court Act § 812] may, upon alleging that it would be a hardship for him or her to make such complaint in the local jurisdiction in which such offense occurred, make a complaint to any local law enforcement agency in the state regardless of where the act took place. Such local law enforcement agency shall take a police report of the matter, as well as prepare a domestic violence incident report as defined in [Executive Law § 837(15)] and provide the complainant with a copy of such report free of charge. A copy of the police report and completed domestic violence incident report shall be promptly forwarded to the appropriate law enforcement agency with jurisdiction over the location where the incident is reported to have occurred for the purposes of further investigation."
Here, the record shows that the petitioner does not have a cause of action. The allegations in the petition were insufficient to establish any cause of action against the respondent under Executive Law § 646(3) and the petitioner's affidavit was insufficient to remedy the defects in the petition. Even assuming that the alleged actions of the petitioner's ex-wife in 2016 constituted a "family offense" within the meaning of Executive Law § 646(3), and that the petitioner sufficiently alleged a hardship in filing his complaints with the RPD as the local jurisdiction in which "such offense[s] occurred," the respondent established that the petitioner has no cause of action under Executive Law § 646(3). The record demonstrates that the petitioner filed his complaints with the NYPD, and, in accordance with Executive Law § 646(3), the NYPD provided him with copies of the reports and forwarded copies of the reports to the RPD, and that the RPD received and filed the reports.
Furthermore, the petitioner was not entitled to mandamus to compel the investigation of the allegations in his reports. The petition fails to set forth allegations entitling the petitioner to a clear right to mandamus relief. Since the conduct which the petitioner sought to compel clearly involves the application of police discretion and judgment, the remedy of mandamus is not available (see Matter of Horowitz v New York City Police Dept., 82 AD3d 887, 887-888; Matter of Bullion v Safir, 249 AD2d 386, 386). Finally, even if the petitioner had a meritorious claim, he would not be entitled to an award of attorney's fees, as no such award is authorized by agreement between the parties, statute, or court rule (see Sage Sys., Inc. v Liss, 39 NY3d 27, 30-31; Matter of Part 60 [*3]Put-Back Litig., 36 NY3d 342, 361; Matter of Milton R., 197 AD3d 1174, 1176).
Accordingly, the Supreme Court properly granted the respondent's motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, and dismissed the proceeding.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court