Matter of Atane Engrs., Architects & Land Surveyors, D.P.C. v Nassau County (2024 NY Slip Op 02318)

Matter of Atane Engrs., Architects & Land Surveyors, D.P.C. v Nassau County

2024 NY Slip Op 02318

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-05364
 (Index No. 604913/20)

[*1]In the Matter of Atane Engineers, Architects and Land Surveyors, D.P.C., etc., appellant, 
v
Nassau County, et al., respondents.

Goetz Fitzpatrick LLP, New York, NY (Michael D. Ganz and Gary M. Kushner of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Nassau County Legislature to approve a proposed amendment to a particular contract, and action to recover damages for breach of contract and unjust enrichment, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered June 29, 2021. The order and judgment granted the respondents/defendants' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint, in effect, denied the petition, and dismissed the proceeding/complaint.
ORDERED that the order and judgment is affirmed, with costs.
In 2013, the County of Nassau entered into a contract with HAKS Engineers, Architects & Land Surveyors, P.C. (hereinafter HAKS). Under the contract, HAKS would provide certain construction management services in conjunction with the construction of a new police precinct building. The County's Department of Public Works (hereinafter the DPW) allegedly required HAKS to perform additional work beyond the term of the initial contract and the first amendment to the contract. Although HAKS prepared a proposed second amendment to the contract, that proposed second amendment was never authorized by the County Legislature or executed by the County Executive.
In 2020, Atane Engineers, Architects and Land Surveyors, D.P.C. (hereinafter Atane), as successor to HAKS, commenced this hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the County Legislature to approve the proposed second amendment to the contract and action to recover damages for breach of contract and unjust enrichment against the County and the DPW. The County and the DPW moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint. The Supreme Court granted the motion, in effect, denied the petition, and dismissed the proceeding/action. Atane appeals.
"On a motion [to dismiss] pursuant to CPLR 3211(a)(7) and 7804(f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every [*2]possible [favorable] inference" (Matter of Levy v SUNY Stony Brook, 185 AD3d 689, 690 [internal quotation marks omitted]). Where, as here, "evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (id. at 690-691 [internal quotation marks omitted]).
"Mandamus to compel performance is an extraordinary remedy that is available only in limited circumstances" (Matter of Hene v Egan, 206 AD3d 734, 735). "[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (id. at 736 [internal quotation marks omitted]). "A party seeking relief in the nature of mandamus must show a clear legal right to that relief" (id. [internal quotation marks omitted]). Here, Atane failed to show a clear legal right to mandamus relief, as it sought to compel the County Legislature to review and approve a contract, which was a duty involving the exercise of judgment and discretion (see Nassau County Charter § 103[8]; Matter of Hene v Egan, 206 AD3d at 736; Matter of Levy v SUNY Stony Brook, 185 AD3d at 690-691).
Further, Atane did not have a cause of action to recover damages for breach of contract (see Matter of Levy v SUNY Stony Brook, 185 AD3d at 690-691). "The elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and resulting damages" (Virgilio Trailer Corp. v Ferrandino & Son, Inc., 213 AD3d 970, 971 [internal quotation marks omitted]). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (id. [internal quotation marks omitted]). "[T]o state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 960 [internal quotation marks omitted]). To the extent that Atane alleged a breach of the proposed second amendment, that proposed amendment was not executed and did not satisfy the element of a breach of contract cause of action that a contract exist (see Nassau County Charter § 2206; Virgilio Trailer Corp. v Ferrandino & Son, Inc., 213 AD3d at 971). To the extent that Atane alleged a breach of paragraph 3.1.1 of Exhibit A to the contract, that provision did not authorize payment for work beyond the contract's expiration date or above the contract's maximum payment where the expiration date or maximum payment had not been modified. As the contract was never modified to include the time period and payment at issue here, the County's failure to pay Atane for the subject additional work did not constitute a breach of that provision.
Finally, Atane did not have a cause of action to recover damages for unjust enrichment (see Matter of Levy v SUNY Stony Brook, 185 AD3d at 690-691). The elements of a cause of action to recover damages for unjust enrichment are "(1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (Nasca v Greene, 216 AD3d 648, 650 [internal quotation marks omitted]). "The theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties" (id. [internal quotation marks omitted]).
"A municipal contract which does not comply with statutory requirements or local law is invalid and unenforceable" (County of Nassau v Grand Baldwin Assoc., L.P., 128 AD3d 1004, 1005 [internal quotation marks omitted]). "Even where municipalities have accepted benefits, they will not be held liable under unauthorized agreements" (Atalaya Asset Income Fund II, LP v HVS Tappan Beach, Inc., 175 AD3d 1370, 1371 [internal quotation marks omitted]). "Where the Legislature provides that valid contracts may be made only by specified officers or boards and in specified manner, no implied contract to pay for benefits furnished by a person under an agreement which is invalid because it fails to comply with statutory restrictions and inhibitions can create an obligation or liability of the [municipality]" (id. at 1372 [internal quotation marks omitted]). "The [*3]result may seem unjust but any other rule would completely frustrate statutes designed to protect the public from governmental misconduct or improvidence" (Mid-Atlantic Perfusion Assoc., Inc. v Westchester County Health Care Corp., 54 AD3d 831, 832 [internal quotation marks omitted]). "The contractor's option is to withhold his [or her] services unless an agreement is executed and approved as the statutes require" (id. [internal quotation marks omitted]). "A party contracting with [a municipality] is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them" (Atalaya Asset Income Fund II, LP v HVS Tappan Beach, Inc., 175 AD3d at 1371 [internal quotation marks omitted]; see Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 131).
Here, the County was not liable for the work performed under the unauthorized and unexecuted proposed second amendment despite having accepted the benefits of that work (see Atalaya Asset Income Fund II, LP v HVS Tappan Beach, Inc., 175 AD3d at 1371-1372). HAKS was "chargeable with knowledge of the statutes" regulating contracts with the County, and when the County failed to obtain proper authorization for or properly execute the proposed second amendment, HAKS's option was to withhold its services until the County properly authorized and executed that amendment (id. at 1371 [internal quotation marks omitted]; see Mid-Atlantic Perfusion Assoc., Inc. v Westchester County Health Care Corp., 54 AD3d at 832). Contrary to Atane's contention, the exception to this rule set forth in Vrooman v Village of Middleville (91 AD2d 833) is inapplicable here.
Accordingly, the Supreme Court properly granted the motion of the County and the DPW to dismiss the petition/complaint, in effect, denied the petition, and dismissed the proceeding/action.
In light of the foregoing, we need not reach the remaining contention of the County and the DPW.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court